IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AFA TUATO, et al.,

       Plaintiffs,

vs.                                             Civ. No. 00-269 KBM/WWD

WILLIAM R. BROWN, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Plaintiff's Motion to Strike Untimely Supplemental Expert Report (Brian Charles), [etc.], filed December 21, 2000 (Docket # 41). Plaintiffs move to strike the "Supplemental Report" of Brian Charles dated October 10, 2000, and to preclude Charles from testifying about matters set forth in that report. Plaintiffs also seek to "clarify" my Order of August 7, 2000, and they seek the imposition of sanctions against Defendants in connection with the instant motion.

       My Memorandum Opinion and Order of August 7, 2000, rearranged certain pre-trial deadlines to accommodate a situation caused by Plaintiffs' failure to serve expert reports on Defendants by July 3, 2000, as ordered. The time for filing reports from Defendants' experts was reset for September 8, 2000, and I ordered Plaintiffs to pay up to $900.00 to Defendants for the expense of supplementing Defendants' initial expert's report which had been "timely" served on Plaintiffs on or before the scheduled date of August 2, 2000. Defendants did not serve a supplemental expert report by September 8, 2000. Instead, Defendants served a report from Brian Charles on Plaintiffs on October 10, 2000. Defendants contend that since Brian Charles is

-1-

mentioned in a separate paragraph in my Order of August 7, 2000, that the October 10 report was not covered by the language setting the deadline for service of reports from Defendants' experts as September 8, 2000.

The paragraph of my August 7th Order which sets a schedule reads as follows:

> IT IS FURTHER ORDERED that the deadlines for pretrial events are modified as follows:
>
>> Reports due from defense experts by September 8, 2000.
>> ...

The paragraph in which Charles is mentioned reads as follows:

> FINALLY, IT IS ORDERED that Plaintiffs shall pay to Defendants the costs of supplementing the report of defense expert Brian Charles, provided that such expense shall not exceed $900.00.

DISCUSSION.

Defendants' argument about the time the supplemental report was due is unpersuasive. If the timing of the supplemental Charles report were dealt with without reference to other events, a decision would be easy. Here the initial tardiness concerning experts was on the part of the Plaintiffs. They brought the problem to the Court promptly upon discovery. Since "solving" the Plaintiffs' dilemma apparently would entail additional work by Defendants' expert in order to respond to the report of Plaintiffs' expert, I included a proviso in my order to have Plaintiffs pay for this additional expense their mistake has caused. Plaintiffs argue that the "supplemental" expert report submitted by Defendants should be stricken because it was late. They also contend that it was not truly a supplemental report because it was not responsive to the report from Plaintiffs' expert, and because it raised new matters for the first time.

Unfortunately, although Plaintiffs refer to the report from their expert, Plaintiffs failed to include a copy of that report in the exhibits to the memorandum in support of their motion.[1] Exhibit 4 which is supposed to be a copy of the report from Plaintiffs' expert is instead an extra copy of the ''Interview of Trooper Charles Collings Utah State Patrol, Beaver Utah 2/29/00." Obviously, this keeps me from being able to make a comparison between the "supplemental" report from Brian Charles and the missing report from Plaintiffs' expert. Thus I am unable to tell whether the Charles supplementary report raises new matters or whether it is responsive to the to report from the Plaintiffs' expert. Accordingly, those portions of Plaintiffs' argument concerning "new matters" must fail. The only issue left is the belated service of the Charles supplementary report. Have Plaintiffs been prejudiced by this late report from Defendants' expert? If indeed the material raised in the supplementary report brought in new material for the first time, Plaintiffs might be put to the task of trying to rebut those assertions. Under Fed. R. Civ. P. 26( a)( 2)( C), Plaintiffs should be able to reserve judgment on whether a rebuttal expert must be called until after the Defendants' expert is identified and the necessity for a rebuttal expert becomes clear. Under the circumstances here involved it would not be unfair to allow Plaintiffs additional time, until June 12, 2001, in which to disclose a rebuttal expert and to serve a report on Defendants from that expert as contemplated by Fed. R. Civ. P. 26(2)(C). Plaintiffs should not be required to pay for the expense of the "supplemental report" prepared by Bryan Charles, so that portion of my Order of August 7, 2000 Order is vacated and set aside. Plaintiffs' motion for sanctions is denied, as is their motion to strike.

---

[1] Plaintiffs' omission may have been due to "inadvertence", and the same may be true with respect to overlooking the original date for disclosure of experts. Carelessness in practice will be discouraged .

This cause shall proceed in accordance with the foregoing.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE